## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORRAINE HARMER** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. _____ |
| v. | : | |
| | : | |
| **CONESTOGA VALLEY** | : | |
| **SCHOOL DISTRICT** | : | JURY TRIAL DEMANDED |
| and | : | |
| **DR. DAVID ZUILKOSKI** | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

### I.   Introduction

1.      Plaintiff Lorraine Harmer prosecutes this action against an employer after she applied for publicly posted employment opportunities.  Defendants excluded her from hire due to her prior protected activities in violation of federal and state anti-discrimination law.

2.      Plaintiff's claims specifically arise under 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. ("Rehab Act").  By refusing Plaintiff employment by virtue of her prior discrimination claims against another employer,

Defendants violated the anti-retaliation provisions of these laws.[1]

## II.     Parties

3.      Plaintiff is an adult citizen of the United States.  She lives in Chester County, in the Commonwealth of Pennsylvania.

4.      Defendant Conestoga Valley School District ("CVSD") is a public school entity organized under the laws of the Commonwealth of Pennsylvania.

5.      CVSD provides educational services in Lancaster County, Pennsylvania, and maintains a principal place of business in that county.

6.      At all times relevant herein, CVSD acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for CVSD at all times relevant herein.  CVSD is therefore fully responsible for the illegal acts and omissions of the aforesaid employees pursuant to the principle of respondeat superior.

7.      Defendant Dr. David Zuilkoski ("Zuilkoski") has been the Superintendent of CVSD at all times relevant to this complaint.

## III.    Exhaustion of Administrative Remedies

8.      On August 23, 2021, Plaintiff timely filed her Charge of Discrimination with the

---

[1] Defendants have also violated the anti-retaliation provisions of the Pennsylvania Human Relations Act ("PHRA").  When Plaintiff's claim under the PHRA become ripe (one year after her administrative complaint), she will add it to this complaint.

Philadelphia office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. 530-2021-04678.

9.      On January 5, 2022, Plaintiff timely filed her Amended Charge of Discrimination with the EEOC.

10.     On March 15, 2022, the EEOC issued a Determination and Notice of Rights via email.

11.     The instant action is timely because it was initiated within ninety (90) days of the receipt of the aforementioned Notice.

12.     Plaintiff timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

### III.    **Jurisdiction and Venue**

13.     The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because it involves questions of federal law.

14.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

15.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this

3

judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

IV.    **Factual Background**

16.    In 2018 Plaintiff filed an EEOC Charge against her then-employer, Chester County Intermediate Unit ("CCIU"), alleging discrimination on the basis of sex and disability, and retaliation.

17.    Plaintiff later filed a lawsuit ("CCIU lawsuit") in the Eastern District of Pennsylvania predicated on the same claims.  On February 12, 2021, the CCIU lawsuit was dismissed because the CCIU and Plaintiff reached a settlement.

18.    Although CVSD is in Lancaster County, it contracts with CCIU for special education services to be provided to CVSD students.  Accordingly, Zuilkowski is well acquainted with the CCIU Board and executive staff.

19.    Less than six months after Plaintiff's lawsuit against CCIU concluded, Plaintiff's interactions with CVSD began.  On or about June 29, 2021 she received an email from a job posting site, PaEducator.net.

20.    The email was sent on behalf of CVSD's high school principal, Dr. Michael Smith ("Smith").  It stated in part, "Conestoga Valley High School is in need of two (2) long-term math substitutes for the fall semester.  If you are interested contact me . . . ."

21.    That same day, June 29, 2021, Plaintiff emailed Smith to express her interest in a long-term math substitute position.

4

22.     On July 6, 2021, Plaintiff was interviewed by Smith and high school Assistant Principal Dawn Eby ("Eby").  Smith explained the circumstances resulting in the need for each position.

23.     One opening was necessitated due to a maternity leave, and might become permanent if the teacher did not return.  Smith indicated that position focused on teaching Algebra.

24.     Plaintiff holds decades of experience teaching Algebra.  She discussed this with Smith and Eby during the interview.

25.     After the interview, still on July 6, 2021, Plaintiff emailed a thank-you note to Smith and Eby.  Plaintiff included copies of two annual performance ratings from her time employed with CCIU wherein she was rated as a "distinguished" educator (the highest possible rating).

26.     On July 13, 2021, Smith informed Plaintiff via email that she was advancing to the next step of the application process.  Smith requested professional references.  Plaintiff provided Smith with two references to contact - one a previous supervisor and the other her previous evaluating professor.

27.     On July 15, 2021, Smith informed Plaintiff via email of a job offer, "Please call me on my cell phone when free . . . we would like to offer you one of the LTS [long-term substitute] positions for the fall if you are still interested."

28.     On July 16, 2021, Smith and Plaintiff spoke on the phone to discuss the specifics of the offer relative to the position teaching Algebra.  Smith reiterated the potential for the

position to become permanent.  Plaintiff posed some questions regarding carry-over of time, step and column placement on CVSD's salary scale, and related issues.

29.      Smith was unsure of the answers to Plaintiff's specific questions and said he would inquire with Zuilkoski.

30.      Plaintiff memorialized the discussion via email to Smith the following day, July 17, 2021.  At all times, Plaintiff expressed enthusiasm and excitement about the position.

31.      On July 19, 2021, Smith informed Plaintiff via email that he is waiting to hear back from Zuilkoski regarding her pending questions.

32.      On July 20, 2021, Smith and Zuilkoski exchange emails referring to Plaintiff as "this woman."  In the email string, Smith asks Zuilkoski for responses to Plaintiff's questions.

33.      On July 21, 2021 at 9:52 a.m., Smith sent an email to Plaintiff.  The email stated in part, "I am still working through this with my Superintendent [Zuilkoski].  I am not sure we ever discussed, but why did you resign from the CCIU in February?"

34.      Nine minutes later, at 10:01 a.m. on July 21, 2021, Plaintiff received a blast email from PaEducator.net, sent on behalf of Smith.  The email announced CVSD's need for "a 1st semester long term substitute."

35.      CVSD's July 21st blast email pertained to, and was seeking applicants for, the position it already offered to Plaintiff.

36.      This blast email was sent out even before Plaintiff was able to respond to Smith's email of nine minutes earlier inquiring about her resignation from CCIU.

37.     Later that day - July 21st at 12:26 p.m. - a CCIU agent, Sue Kerr ("Kerr") emailed CCIU Director of Human Resources, Danielle Schoeninger ("Schoeninger") and Maureen Linahan regarding a request by CVSD for an employment reference about Plaintiff.

38.     According to CCIU, Eby of CVSD contacted Kerr by phone regarding Plaintiff.

39.     Kerr offered to verify Plaintiff's employment over the phone but Eby indicated verification of employment alone would be inadequate.  Eby sought additional information, but Kerr did not know the specific information Eby sought.

40.     That evening (July 21st), at 6:01 p.m., Plaintiff responded to Smith's inquiry about why she resigned from CCIU.  Plaintiff stated she resigned from the CCIU because she "felt it was in her best interests to move on from the CCIU and they were cool with it."

41.     That evening (July 21st), at 8:35 p.m., Plaintiff sent an email to Smith regarding the blast email she had received earlier that day about a LTS math position.  Plaintiff expressed her continued interest in working for CVSD.

42.     On July 27, 2021, Plaintiff again inquired about the position she had already been offered.

43.     On July 28, 2021, Smith informed Plaintiff of plans to "make some final decisions" the next week.

44.     On August 3, 2021, Plaintiff again inquired about the position she had already been offered.

45.     On August 4, 2021, Smith informed Plaintiff via email that CVSD had now offered

to another applicant the position it had already offered to Plaintiff.  Smith described the other applicant as someone, "who we feel is a better fit for our district at this time."

46.    CVSD later admitted Zuilkoski was the one to overrule Smith's recommendation to hire Plaintiff.

47.    The applicant Defendants felt was a "better fit" had objectively measured credentials far inferior to Plaintiff's.  The "better fit" only had an Instructional I provisional certificate since June 1, 2021.  So the "better fit" had been certified for about two months.

48.    In contrast, Plaintiff possesses an Instructional II permanent certificate.   An Instructional II certificate is granted only after years of demonstrated successful professional performance.  Plaintiff's Instructional I had been issued to her in 1997.

49.    Plaintiff held decades of experience teaching algebra while the "better fit" completed her teaching degree just prior to her application.

50.    The "better fit" holds just a bachelor's degree, as evidenced by her placement on the step scale.  Plaintiff possesses two master's degrees.

51.    More recently, in December 2021, Plaintiff applied for three positions publicly posted by CVSD.  The first was a permanent High School Math Teacher position, the second a Supplemental Learning Support Teacher, and the third an Autistic Support Teacher.

52.    On December 28, 2021, Plaintiff received a voicemail from Administrative Assistant for CVSD, Sheri Hostetter ("Hostetter").  Hostetter stated CVSD's Middle School Principal wanted to interview Plaintiff for the two latter positions.

53.     Plaintiff called Hostetter and scheduled an interview for January 4, 2022 at 8:00 a.m.

Plaintiff asked Hostetter to confirm whether Zuilkoski would support or object to any

recommendation for her hire - since Zuilkoski reversed Smith's offer to Plaintiff.

54.     On December 29, 2021, Plaintiff received an email from the CVSD solicitor that her

interview scheduled for the two separate positions was canceled.  In doing so, it was made

clear that CVSD will exclude Plaintiff from employment opportunities indefinitely.


## FIRST CAUSE OF ACTION (AGAINST CVSD ONLY)
## RETALIATION FOR PROSECUTING PRIOR DISCRIMINATION CLAIM

55.     As made plain in the above averments, CVSD has knowingly, intentionally and

maliciously denied Plaintiff employment on account of her earlier discrimination case against

CCIU.  CVSD's actions were taken with a reckless disregard for Plaintiff's right to be free

from retaliation.

56.     CVSD's conduct violates the anti-retaliation provisions of Title VII, the ADA and the

Rehab Act.

57.     As a result of CVSD's unlawful conduct, Plaintiff has suffered pecuniary losses,

substantial emotional distress, humiliation, inconvenience and other non-pecuniary losses.


## SECOND CAUSE OF ACTION (AGAINST CVSD ONLY)
## DISABILITY DISCRIMINATION

58.     Upon learning of Plaintiff's prior discrimination case against CCIU, CVSD became

aware of Plaintiff's disabilities.

59.     By making up phony reasons for denying Plaintiff employment, CVSD has revealed its true intention was to deny Plaintiff employment on account of her disabilities.

60.     CVSD's actions to knowingly, intentionally and maliciously deny Plaintiff employment on account of her disabilities violates the ADA and the Rehab Act.  CVSD's actions were taken with a reckless disregard for Plaintiff's right to be free from disability discrimination, as those laws so proscribe.

61.     As a result of CVSD's unlawful conduct, Plaintiff has suffered pecuniary losses, substantial emotional distress, humiliation, inconvenience and other non-pecuniary losses.

**THIRD CAUSE OF ACTION**
**(AGAINST ZUILKOSKI IN HIS INDIVIDUAL CAPACITY ONLY)**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**

62.     As the CVSD Superintendent, Zuilkoski's actions as taken toward Plaintiff were taken under color of state law.

63.     Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution includes the right to be free from state-created sex discrimination.

64.     In particular, by denying Plaintiff employment due to her prior sex discrimination claim against CCIU, Zuilkoski violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

65.     Plaintiff is entitled to seek redress for the harms caused by Zuilkoski's violation of her

Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

66.     Section 1983 provides, in relevant part:

> Every Person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured  by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

> 42 U.S.C. § 1983.

67.     Because Zuilkoski violated a right secured by the Constitution or laws of the United States, and acted under color of state law in so doing so, Plaintiff is entitled to judgment against Zuilkoski under Section 1983.

68.     As a result of this Fourteenth Amendment violation, Plaintiff suffered damages including, but not limited to, denial of employment, harm to reputation, lost wages, lost fringe benefits, lost seniority, emotional pain and suffering, and loss of enjoyment of life.

69.     Zuilkoski's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of Plaintiff's civil rights.

**WHEREFORE**, upon entering judgment in favor of Plaintiff and against CVSD on the First and Second Causes of Action, and against Zuilkoski (in his individual capacity) on the Third Cause of Action, Plaintiff prays that this Court enter an additional order providing as follows:

A.     CVSD and Zuilkoski are to be permanently enjoined from discriminating and/or retaliating against Plaintiff on any basis proscribed by the Fourteenth Amendment,

11

Title VII, the ADA, the Rehab Act and other applicable federal and state laws;

B.    CVSD and Zuilkoski are to promulgate and/or adhere to a policy prohibiting such violations, and are to ensure this policy is enforced;

C.    CVSD and Zuilkoski are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for their illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority.

D.    Plaintiff is to be awarded compensatory damages for the pain, suffering, and humiliation caused by actions of CVSD and Zuilkoski;

E.    Zuilkoski is to pay punitive damages to Plaintiff as permitted by Section 1983, in an amount believed by the trier of fact to be appropriate to punish him for his willful, deliberate, malicious, reckless and outrageous conduct, and to deter him and other officials who act individually under the color of state law from engaging in such misconduct in the future;

F.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

G.    This Court should grant any and all other such legal, injunctive and/or equitable relief as it deems necessary, just and appropriate;

H.    This Court should maintain jurisdiction over the instant action to ensure full

compliance with its Orders therein until such time it is satisfied that its Orders and

dictates have been complied with in full by Defendants.


**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes her request for a jury trial for all claims raised in this action.


Respectfully submitted,

**WEINSTEIN LAW FIRM, LLC**

By:   /s/ Marc E. Weinstein
      Marc E. Weinstein, Esquire
      500 Office Center Drive
      Suite 400
      Fort Washington, PA 19034
      267.513.1942
      marc@meweinsteinlaw.com
      Counsel to Plaintiff


Dated:      April  25 , 2022

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LORRAINE HARMER

**(b)** County of Residence of First Listed Plaintiff    CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc E. Weinstein  WEINSTEIN LAW FIRM, LLC  500 Office Center Dr., Ste. 400, Ft. Washington, PA 19034

## DEFENDANTS

CONESTOGA VALLEY SCHOOL DISTRICT & DR. DAVID ZUILKOWSKI (IN HIS INDIVIDUAL CAPACITY ONLY)

County of Residence of First Listed Defendant    LANCASTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. sec. 2000e (Title VII of the Civil Rights Act of 1964, as amended)

Brief description of cause:
Unlawful Retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
Apr 25, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Marc E. Weinstein

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____122 Chestnut Hill Drive, Parkesburg, PA 19365  (CHESTER COUNTY, PA)_____

Address of Defendant: _____2110 Horseshoe Road, Lancaster, PA 17601  (LANCASTER COUNTY, PA)_____

Place of Accident, Incident or Transaction: _____CHESTER COUNTY, PA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/25/2022      *Attorney-at-Law / Pro Se Plaintiff*      74474   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Marc E. Weinstein_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 04/25/2022      *Attorney-at-Law / Pro Se Plaintiff*      79474   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)